UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BERTOLO, ) | 1:08-CV-01348 SMS HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT AND TERMINATE |
| NEIL H. ADLER, Warden, ) | CASE |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed his consent form indicating consent to jurisdiction of the Magistrate Judge.

**BACKGROUND[1]**

Petitioner is currently in custody of the Federal Bureau of Prisons at Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court for the District of Nevada entered on June 14, 2001, following his conviction for money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i)&(ii).

Petitioner appealed the conviction to the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed the conviction in 2002. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, and the petition was denied in 2003.

---

[1] This information was derived from the petition for writ of habeas corpus.

1    On July 12, 2004, Petitioner filed a motion to vacate, set aside or correct the sentence
pursuant to 28 U.S.C. § 2255, in the U.S. District Court for the District of Nevada. The motion was
denied as untimely on July 12, 2005. Petitioner did not appeal the denial, and he has not filed a
motion for leave to file a second or successive § 2255 motion in the Ninth Circuit.

On September 11, 2008, Petitioner filed the instant petition for writ of habeas corpus
challenging his conviction and sentence.  Petitioner argues that his conviction for money laundering
is invalid in light of the Supreme Court decision in United States v. Santos, ___ U.S. ___, 128 S.Ct.
2020 (2008).

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction
or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28
U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719
F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.
Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by
way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,
929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that
sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown
v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th
Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of
Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.
1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835
F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather
than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to
file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.   Petitioner concedes

this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he has already sought relief by way of § 2255.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that this exception is a very narrow one. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). In Ivy, the Ninth Circuit held that § 2241 relief is available pursuant to the "escape hatch" in § 2255 if the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner claims he has never had an unobstructed procedural shot at presenting his claim because Santos was not decided until June 2, 2008, and his first § 2255 motion had been dismissed as untimely by the District Court in 2005. Nevertheless, it is clear Petitioner did have and still has unobstructed procedural opportunities to present his claim.

While the Supreme Court did not decide Santos until only recently, the basis for the instant petition was not novel at the time Santos was decided. Indeed, the basis for the instant petition was readily available before Petitioner filed his § 2255 motion on July 12, 2004. In United States v. Scialabba, 282 F.3d 475, 478 (7th Cir.2002), the Seventh Circuit Court of Appeals held that "the word "proceeds" in § 1956(a)(1) denotes net rather than gross income of an unlawful venture." This holding was affirmed by the Supreme Court in Santos. As noted above, this case was decided in 2002, well before Petitioner filed his § 2255 motion. Thus, the basis for Petitioner's challenge here was readily available to him at the time he filed his § 2255 motion. Moreover, Scialabba was decided

on February 28, 2002, and Petitioner's direct appeal was not decided by the Ninth Circuit until December 24, 2002. Therefore, his challenge also could have been raised on direct appeal and in his petition for writ of certiorari.

Petitioner further argues that he has never had an unobstructed procedural shot because his § 2255 motion was denied as untimely. However, the reason for the denial was Petitioner's failure to abide by the statute of limitations. The obstruction to his filing was entirely his fault. As stated by the Seventh Circuit in Morales v. Bezy, 499 F.3d 668, 672 (7th Cir.2007), "a prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate." See also Taylor v. Gilkey, 314 F.3d 832, 835-36 (7th Cir.2002); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir.2002) (per curiam); United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir.2000); Garza v. Lappin, 253 F.3d 918, 920-21 (7th Cir.2001); Charles v. Chandler, 180 F.3d 753, 757-58 (6th Cir.1999) (per curiam).

The Court also notes that Petitioner does not indicate having appealed the denial of his first § 2255 motion or having sought permission from the Ninth Circuit to file a second or successive § 2255 motion. Therefore, Petitioner may still have avenues to present his claims apart from a § 2241 habeas petition.

In summary, it is clear Petitioner has not demonstrated that § 2255 provides an "inadequate or ineffective" remedy. The basis for Petitioner's claim was available on direct appeal and prior to his first § 2255 motion, his § 2255 motion was denied because of Petitioner's own untimeliness, and Petitioner had, and still has, unobstructed opportunities to present his claim to the district court and to the Ninth Circuit.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate this action.

IT IS SO ORDERED.

**Dated:   October 2, 2008**                    /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE