# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BERTOLO, | 1:08-CV-01348 SMS HC |
| Petitioner, | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | [Doc. 8] |
| NEIL H. ADLER, Warden, | |
| Respondent. | |

On October 2, 2008, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, was dismissed and judgment was entered.[1] (Court Docs. 6, 7.)

On October 20, 2008, Petitioner filed a timely notice of appeal. (Court Doc. 8.) On October 27, 2008, Petitioner filed a motion to proceed in forma pauperis on appeal. (Court 9.)

Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial

---

[1] Petitioner consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Court Doc. 5.)

1

a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to relief under section 2241 debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   November 7, 2008**                /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE